

# The Attorney General of Texas

December 14, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. Building
Austin, Texas 78774

Opinion No. H- 1282

Re: Whether a city adopting the local sales and use tax after October 1, 1979, may impose that tax on the residential use of gas and electricity.

Dear Mr. Bullock:

You have asked for an interpretation of article 1066c, section 4A, V.T.C.S., which governs the exemption from the local sales and use tax of gas and electricity for residential use. Article 1066c permits cities to adopt a one percent local sales and use tax by holding an election for that purpose. As originally enacted, article 1066c, V.T.C.S., imposed a tax on sales of gas and electricity for residential use. V.T.C.S. art. 1066c, § 2B; see Tax.-Gen. art. 20.04(R). The sixty-fifth legislature amended article 1066c by adding section 4A, which reads in part:

> Sec. 4A. Effective October 1, 1979, there are exempted from the taxes imposed by this Act the receipts from the sale, production, distribution, lease or rental of, and the use, storage, or other consumption within the city of gas and electricity for residential use within a city adopting the taxes imposed by this Act unless prior to May 1, 1979, the governing body of the city, by a majority vote of the membership of the governing body, votes to continue the taxes authorized by this Act on the sale, production, distribution, lease or rental of, and the use, storage, or other consumption of gas and electricity for residential use. At any time before or after October 1, 1979, the governing body of a city that has adopted the tax authorized by this Act may, by a majority vote of the membership of the governing body, exempt from the taxes imposed by this Act the receipts from the sale, production, distribution, lease or rental of, and the use, storage, or other consumption within the city of gas and electricity for

residential use.   The governing body of a city that has adopted the tax authorized by this Act and provided for the exemption authorized or required by this section may, by a majority vote of the governing body, reimpose the taxes on the sale, production, distribution, lease or rental of, and the use, storage, or other consumption in the city of gas and electricity for residential use.

H.B. No. 1, Acts 1978, 65th Leg., 2d C.S., ch. 2, § 6, at 6-7.  You ask whether a city which first adopts the local sales and use tax after October 1, 1979, may impose that tax on the residential use of gas and electricity.

As of October 1, 1979, the amendment exempts the residential use of gas and electricity from the tax imposed under article 1066c unless the city fits within one of the exceptions provided in section 4A.  These exceptions are as follows:  (1) Prior to May 1, 1979, its governing body votes to continue the tax.  (2) The governing body of a city which has adopted the local sales and use tax and exempted the residential use of gas and electricity reimposes the tax by majority vote.  A city which does not adopt the local sales and use tax until after October 1, 1979, cannot fit within the first exception.  Nor can it in our opinion fit within the second exception. After October 1, 1979, the residential use of gas and electricity will be "exempted from the taxes imposed by this Act," i.e. article 1066c, V.T.C.S.  Cities adopting the provisions of article 1066c after October 1, 1979, will not be able to impose the tax on sales of gas and electricity for residential use.  Thus they cannot become cities which have adopted the local sales and use tax and then exempted the residential use of gas and electricity.  Their exemption will come about by operation of law rather than the city's action.  Moreover, cities which have never had the tax cannot be said to reimpose it, since "reimpose" means "to impose again."  Webster's Third International Dictionary (emphasis added).  Cf. Lowry v. Aetna Life Ins. Co., 120 S.W.2d 505 (Tex. Civ. App. — Dallas 1938, writ dism'd) (definition of reinstate).  In our opinion, section 4A of article 1066c gives cities a limited time in which to impose a tax on the residential use of gas and electricity. Cf. Attorney General Opinion H-1011 (1977) (time limit for counties to qualify for benefits of National Flood Insurance Program).

## SUMMARY

Cities that first adopt the local sales and use tax after October 1, 1979, may not impose the tax on the residential use of gas and electricity.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn